UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
1/15/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| AMARE EL BEY, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 1:20-cv-03841 (UNA) |
| VIVEK NARULA, | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of federal courts is set forth generally at 28 U.S.C. §§ 1331 and 1332 and is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331–32 (2018). A party seeking relief in the district court must at least plead facts establishing the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff resides in the District of Columbia. He sues a single defendant, with an associated address in Virginia. Plaintiff alleges that defendant, a real estate agent, "committed fraud, estate embezzlement, trespass, deprivation of rights under color of law, and denationalization." In furtherance, he accuses defendant of somehow engaging in an "unlawful eviction" of unidentified

tenants, and of having "destroyed and gutted out [plaintiff's] property owned in a private trust with a lien encumbering it, of a national in diversity of nationality." Plaintiff does not state when and where these actions occurred, but he seeks a restraining order and $300,000 in damages.

Plaintiff has neither identified a basis of federal jurisdiction nor alleged sufficient facts to state a federal claim against the seemingly private defendant. In addition, it is a "well- established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp*., 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Plaintiff has pleaded nothing about the parties' citizenship to establish diversity jurisdiction. The court will therefore dismiss this case and an order will be entered contemporaneously with this memorandum opinion.

Date:  January 15, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge